HILL v. RECTOR.

Opinion delivered December 24, 1923.

1.	MUNICIPAL CORPORATIONS—VACANCY IN OFFICE OF MAYOR—ELEC-
TION.—Crawford & Moses' Dig., § 7680, authorizes the aldermen
of a city of the second class to "elect" a mayor to fill the vacancy;
§ 7518, *Id.*, provides that all appointments of officers by any
council shall be made *viva voce*, and the concurrence of a like
majority shall be required; the name of those voting and for
whom they voted, on the votes resulting in the appointment,
shall be recorded, and all such voting shall be public. *Held*
that the two latter sections should be construed as *in pari materia*,
and that the latter section contemplates that the election or
appointment of a mayor to fill a vacancy must be proved by the
record itself, in the absence of proof that such record has been
lost or destroyed.

2.	OFFICERS—DE FACTO OFFICER—RIGHT TO EMOLUMENTS.—A *de
facto* officer has no right to the emoluments of an office the
duties of which he performs under color of an appointment but
without legal title.

Appeal from Clay Circuit Court, Eastern District;
*W. W. Bandy,* Judge; affirmed.

*Costen & Harrison,* for appellant.

The defense relied upon by appellee of an agreement
on the part of appellant to serve as mayor without remun-
eration, even if made, was void as against public policy.
68 Ark. 276; 70 Ark. 607; Donnelly's Law of Public Con-
tracts, p. 164, § 101; 85 Ark. 106. Payment of a lesser
sum than due, although the warrant stated that it was in
full payment of services, would be void as against public
policy. See 47 Ark. 354. The court should have per-
mitted appellant to introduce his witnesses to show that
the warrant issued was not in payment for services ren-
dered. It was not necessary that the council make an
allowance of salary, as that was done by the ordinance
of the city.

*Block & Kirsch,* for appellee.

There was no record made to show that Hill was ever
elected mayor of Rector. Such matters are required to
be made matters of record, by C. & M. Digest, §§ 7518-

7680. Parol evidence is not admissible to vary or contradict a municipal council record. 107 Ark. 456; 66 Ark. 535; 35 Ark. 475; 88 Ark. 263; 19 Mass. 397. If in fact he was elected mayor and the record failed to so state, he could have caused the record to be amended if the council had refused to do so on request. 19 R. C. L. 903. He was acting as mayor not by consent of the council but by special agreement with the members thereof, and was nothing more than a *de facto* mayor, and, as such, not entitled to compensation. 67 Ark. 484. Acceptance of a less amount in settlement of a greater, evidenced by a writing such as the ordinance and warrant in suit, is valid, and precludes any further claim. 75 Ark. 354; 94 Ark. 158; 100 Ark. 251; 114 Ark. 559; 122 Ark. 212.

WOOD, J. This action was instituted by Homer T. Hill against the city of Rector, Arkansas, to recover the sum of $305 alleged to be due him for his services as mayor of the city from January 11, 1919, up to and including the 16th day of January, 1920, when he resigned. He alleged that the city of Rector is a city of the second class, and, upon a vacancy occurring in the office of mayor by reason of the removal from the city of J. W. Dollinson, the legally elected mayor, the city council, at its first regular meeting, proceeded to elect Homer T. Hill as mayor, to serve for the unexpired term. After Hill's resignation the city council issued a warrant in his favor for $105 which, he claimed, was to reimburse him for money spent in visiting Little Rock and other places in the interest of the city and as compensation for his services in writing certain ordinances.

The appellee, in its answer, denied that Hill was elected mayor of the city of Rector, and denied all other material allegations of the complaint, and, among other things, recited that "by special agreement made with the plaintiff and the members of the city council of defendant, that he would not charge any compensation for his services, he was permitted to act as mayor, and so continued to act until on or about the 16th day of January,

1920, when plaintiff resigned his office as such, and that by reason of said agreement, even if plaintiff had been duly elected mayor of the city, he would not have been entitled to compensation, and defendant pleads said fact in bar of plaintiff's right to recover.''

It is agreed by the parties that an ordinance of the city of Rector provides for the payment of a salary to the mayor in the sum of $300 per year.

The appellant testified that he was notified of his election as mayor of the city of Rector in 1919, and that he duly qualified as such on the 11th of January, 1919. He served the city as mayor from that date until January 16, 1920, and has not been paid anything on his salary as mayor. The warrant for $100, which he exhibited and introduced in evidence, was given him the morning after he resigned. He had cashed the warrant. The warrant was drawn on the treasurer in favor of Hill for $100, and contained the following recital: ''Given the 12th day of January, 1920, account of in full for services as mayor.'' It was signed by the recorder. Appellant testified that it was expressly understood by all members of the council present that the above warrant was being issued to him in payment for services rendered by him and expenses incurred in making a trip to Little Rock, Paragould, and Pine Bluff, Arkansas, and for preparing the city ordinance known as ''the occupation tax ordinance,'' and two additional ordinances.

Over the objection of the appellee, appellant was permitted to prove by the recorder of the city that there had been a meeting of the council, and that the recorder made minutes of it on a piece of paper, and thought he had transferred his notes to the minute-book, but, after examining the record, he does not find the record of said notes. At that meeting Hill was elected mayor by a majority of the city council, and acted as mayor from then on for several months. Witness made a record of the vote on the piece of paper on which he kept the record of that meeting. The roll was called and record made of how each man voted, whether aye or nay.

The appellee introduced the records of the minutes of the city...of Rector entered January 16, 1920. These minutes showed that there was a meeting of the city council on January 16, 1920, with Homer T. Hill, mayor, being present, and the other officers, giving the names of the aldermen, the marshal and the recorder, and, after reciting the allowance of certain accounts, contains this further recital: "Homer T. Hill tendered his resignation as mayor of the city of Rector to take effect January 16, 1920. By motion of George Gordon, seconded by George Hardin, the resignation was accepted. On motion of George Hardin, seconded by L. F. Sims, it was voted to pay Homer T. Hill $100 for his services while acting as mayor."

Upon the above testimony the court directed the jury to return a verdict in favor of the appellee. Judgment was entered in favor of appellee dismissing the appellant's complaint, from which is this appeal.

Section 7680, Crawford & Moses' Digest (act of May 1, 1909, p. 589) provides: "Whenever a vacancy shall occur in the office of mayor in any city of the second class, from any cause, the city council shall, at the first regular meeting after the occurrence of such vacancy, proceed to elect, by a majority vote of all the aldermen, a mayor to serve for the unexpired term."

While the word "elect" is used in the statute to designate the selection or election of the mayor, it is obvious that the word "elect" is here used with the same signification as the word "appointment" in § 7518, Crawford & Moses' Digest, which reads as follows: "All appointments of officers by any council shall be made *viva voce*, and the concurrence of a like majority shall be required; the names of those voting, and for whom they voted, on the votes resulting in the appointment, shall be recorded, and all such voting shall be public."

The last section was a part of the act of March 4, 1891. The act of 1909 providing for the election of a mayor in case of a vacancy is not in conflict with § 7518, act of March 4, 1891, *supra*. The two statutes, so

far as the appointment or election of a mayor is concerned, are *in pari materia* and must be construed with reference to each other. Therefore an appointment or election of a mayor to fill a vacancy by a city council of cities of the second class must be made in accordance with § 7518, C. & M. Digest, *supra,* in order to constitute a legal election. The provisions of § 7518, *supra,* in regard to the manner in which the appointment shall be made and the recording thereof, are mandatory. The proceedings of the council in this regard must have been either by ordinance or resolution, and such proceedings must be proved by the record itself, in the absence of proof that such record has been lost or destroyed. *El Dorado* v. *Faulkner,* 107 Ark. 456; *Pugh* v. *Little Rock,* 35 Ark. 457; *Hencke* v.´*Standiford,* 66 Ark. 535.

It follows that the appellant failed to prove that he was duly elected mayor of the city of Rector. The appellant, however, does prove that he was the *de facto* mayor of the city of Rector. But in the case of *Stevens* v. *Campbell,* 67 Ark. 484, quoting from *Andrews* v. *Porter,* 79 Me. 490, we held: "A *de facto* officer has no legal right to the emoluments of the office, the duties of which he performs under color of an appointment, but without legal title. He cannot maintain an action for the salary. His action puts in issue his legal title to the office, and he cannot recover by showing merely that he was an officer *de facto.*" The fact that the appellee, in its answer, recognized that the appellant "was permitte´ to act as mayor" does not estop the appellee from setting up that appellant was not the duly elected mayor of the city. The appellee expressly denied that appellant was such mayor. We conclude therefore that the court did not err in directing the jury to return a verdict in favor of the appellee. The judgment is correct, and it is affirmed.