COAL DISTRICT POWER COMPANY v. BOONEVILLE.

Opinion delivered December 7, 1925.

1. MUNICIPAL CORPORATIONS—JUDGMENT FIXING RATES OF ELECTRICITY.—Acts 1921, No. 124, §§ 19, 24, authorizes the circuit court to certify its judgment fixing the rates of a public service corporation immediately to the city council, and empowers the city council thereupon to adopt such rates, with the privilege of an appeal within 30 days; as the pendency of an appeal prevents collection of the penalty for violation of the rates fixed, but not proceedings in preparation for imposing the penalty.

2. MUNICIPAL CORPORATIONS—JUDGMENT AND ORDINANCE FIXING RATES—NOTICE.—The action of the circuit court in certifying its judgment fixing rates for electricity to the city council immediately after rendition thereof, and the adoption of rates by the city council, held to be public acts within the authority conferred by the Legislature, of which the parties to the suit must take notice.

3. MUNICIPAL CORPORATIONS—ESTABLISHING RATES FIXED BY COURT.—Neither Acts 1921, No. 124, nor Crawford & Moses' Dig., § 7494, requires the city council to establish by ordinance the rates for electricity fixed by the circuit court and certified to the city council, and such rates may be established by resolution.

4. ELECTRICITY—JUDGMENT FIXING RATES—FINAL WHEN.—Under Acts 1921, No. 124, § 24, providing that no penalty for violation of rates fixed by the city council shall be incurred until an appeal from an order of the circuit court fixing such rates has been finally disposed of, held where the judgment of the circuit court fixing such rates was affirmed by the Supreme Court, it became final upon expiration of the time for filing a motion for rehearing, and the contention that the appeal was not finally disposed of until the Supreme Court's mandate was filed in the circuit court was without merit.

5. APPEAL AND ERROR—NECESSITY OF MANDATE.—Mandates to the lower court are necessary only in cases of reversal, and, upon the affirmance of a judgment, it may be enforced by process out of the Supreme Court.

Appeal from Logan Circuit Court, Southern District; *James Cochran*, Judge; affirmed.

*James B. McDonough*, for appellant.

*Evans & Evans*, for appellee.

HUMPHREYS, J.   This is a continuation of a suit between appellee and appellant herein, the purpose of

which was to fix and promulgate rates for electrical energy to be furnished by appellant to the consumers of the city of Booneville. The rates were fixed by the city of Booneville pursuant to authority conferred by act 124 of the Acts of the General Assembly of 1921. Appellant herein prosecuted an appeal to the circuit court of the Southern District of Logan County from the action of the city council of Booneville fixing and promulgating said rates. The case was tried *de novo* in the circuit court resulting in a judgment fixing rates which, in the opinion of the court, would afford appellant herein reasonable compensation for its electricity. The judgment was rendered by the circuit court on September 1, 1923. Appellant herein immediately prayed an appeal from that judgment to the Supreme Court, which was granted by the circuit court. On the same day the circuit court ordered its clerk to certify the judgment fixing the rates down to the city council of Booneville. The clerk immediately complied with that order. On the 3rd day of September, 1923, the city council, by resolution, at its regular meeting, adopted the rates contained in the judgment of the circuit court, and spread them upon its record. On September 26, 1923, the appellant herein filed a supersedeas bond and lodged a transcript of the proceedings in the office of the clerk of the Supreme Court. On the 24th day of December, 1923, this court affirmed the judgment of the circuit court fixing the rates that appellant herein might charge the consumers for electricity within the city of Booneville. The mandate of the Supreme Court was filed in the circuit court on February 26, 1924.

This suit was brought on the 6th day of March, 1924, by appellee herein against appellant herein, its officers, agent, and employees to recover the penalty provided in § 24 of act 124 of the Acts of 1921 for charging the consumers more than the rates fixed by the city council, under order of the circuit court, from the time this court affirmed the circuit court's judgment and the date on which appellant herein put the rates fixed by the circuit

court and adopted by the city council into effect. The penalty imposed upon a public utility for violating the rates fixed by a city council under § 24 of said act for furnishing its commodity to consumers within the city is not less than $10 nor more than $500 for each day the violation occurs. The trial court ruled that the appeal in the original case was finally disposed of fifteen judicial days after the affirmance by this court, the time allowed for filing a motion for a rehearing. Pursuant to this finding a judgment was rendered against appellant, penalizing it in the minimum amount for thirty-nine days, from which judgment it has prosecuted an appeal to this court.

A reversal of the judgment is sought on three grounds: first, that, after appellant herein prayed and was granted an appeal under the provisions of said act, the trial court was without authority to certify the judgment to the city council, and the city council was without authority to adopt and fix the rates contained in the judgment so certified to it; second, that, if the council had such authority, it must have adopted the new rates by ordinance duly published; and, third, that in no event could appellant be penalized until after the mandate of the Supreme Court was filed.

A proper solution of the points raised must be found in the correct interpretation of parts of §§ 19 and 24 of said act 124 of the Acts of 1921, as follows:

Part of § 19. "The court, in reviewing the action of the council or commission, shall hear evidence and determine what rates would afford the appellant valid and reasonable compensation for the services rendered, and shall enter an order setting out such rates and cause the same to be certified to the council or commission, and such council or commission shall thereupon fix such rates as shall be in conformity with the finding of the court; provided either party shall have the right to appeal to the Supreme Court within thirty days from the rendition of such order, in which event the said council or commission shall await the further orders of the court."

Part of § 24. "Provided, however, that there shall be no penalty or damages for any such violation until the appeal from such rule, regulation, or order of the municipal council or city commission shall have been finally disposed of, if such an appeal be taken within the time and in the manner provided by this act."

(1) A careful reading of these two sections leads us to the view that the Legislature intended to authorize the circuit court to immediately certify its judgment fixing the rates to the city council, and to empower the council to adopt such rates at once, with the privilege of appeal within thirty days, in which event the penalty provided in § 24 should not attach until the appeal was finally disposed of. The purpose was to inhibit the collection of a penalty for a violation of the rates fixed until a final disposition of the case on appeal, and was not to prevent proceedings in preparation for the imposition of a penalty for a violation of the rates unless and until the rates were affirmed by the Supreme Court. The action of the circuit court in certifying its judgment down to the city council and the adoption of the rates fixed in the circuit court's judgment by the city council were public acts, within the authority conferred by the Legislature, of which parties to the suit must necessarily take notice.

(2) There is nothing in the act requiring the city council to establish by ordinance the rates fixed by the circuit court and certified back to it. The act provides that when the judgment of the circuit court is certified to the council, it "shall thereupon fix such rates as shall be in conformity with the finding of the court." The authority conferred upon the city council to fix rates for public utilities is not within any one of the classes required to be exercised by ordinance under § 7494 of Crawford &.Moses' Digest. Where the law conferring authority on the city council to act does not require same to be exercised by ordinance, it may be exercised by resolution. *Arkadelphia Lumber Co.* v. *Arkadelphia,* 56 Ark. 350; *Bentonville* v. *Ball,* 100 Ark. 496.

(3) The statute requires that the penalty sued for in this case cannot be imposed until the appeal from the circuit court's judgment fixing the rates has been finally disposed of. Appellant contends that the appeal was not finally disposed of until the mandate of the Supreme Court was filed in the lower court. We cannot agree with the learned attorney for appellant in this contention. The judgment of the circuit court was affirmed and became final after the time expired for filing a motion for rehearing. There was nothing further for the trial court to do. It was unnecessary for it to make further orders; hence there was no necessity for a mandate. It is only in cases of a reversal that mandates to the lower court are necessary. Upon affirmance of judgments they may be enforced by process out of the Supreme Court.

No error appearing, the judgment is affirmed.

Justices WOOD and SMITH dissent.