STEWARD v. RUST.

4-9918                                          252 S. W. 2d 816

Opinion delivered December 1, 1952.

*Barber, Henry & Thurman,* for appellant.

*W. E. Phipps, House, Moses & Holmes* and *William M. Clark,* for appellee.

WARD, J.   Suit was brought in the Pulaski Circuit Court by appellant, Steward, asking to be adjudged a duly elected member of the Board of Public Affairs of the City of North Little Rock.   The Court, without a jury, held against his contentions and he prosecutes this appeal for a reversal.

Ark. Stats., §§ 19-1020 and 19-1022, provide for such a Board to be composed of the Mayor, as Chairman, and two citizens to be elected by the City Council, clothed with power to make purchases and execute contracts for the City.   The dispute which precipitated this litigation arose as hereinafter set out.

On January 14, 1952, being the regular day for the election of a Board member, a resolution, filed on the 9th, nominating appellee as a member was presented to the Council but was rejected by a recorded vote of five

to three. Thereupon one of the councilmen nominated appellant for the position and he was chosen by a *viva voce* vote of five to three. Three days later the Mayor filed with the City Clerk his written veto of the action of the Council in selecting appellant. At the next regular meeting of the Council on January 28th, the minutes of the first meeting were read and, after considerable discussion, a motion was made and carried by a vote of five to three to "disapprove" that portion which dealt with the nomination and selection of appellant. Objection to this procedure was made at the time by one of the councilmen. Then, at this same meeting, a resolution which had been filed with the Clerk on the 17th was adopted electing appellee as a member of the Board.

The principal arguments made by both sides and the issues which we shall discuss will, for convenience, be grouped under the following three headings: First, was appellant's election on the 14th by an oral motion a sufficient compliance with the law?; second, what was the effect of the action of the City Council on the 28th wherein the Council attempted to discharge appellant by "disapproving" the minutes of the previous meeting?; and, third, what was the effect of the Mayor's veto?

First: In our opinion the election of appellant on the 14th was valid up to that point. It is not disputed that he received a sufficient number of votes as required in such instances by Ark. Stat., § 19-905, but his nomination was not presented in writing as in the case of appellee. Appellee says that, under the authority of *Hill* v. *City of Rector,* 161 Ark. 574, 256 S. W. 848, the election was void because no resolution was first presented. This case, however, does not define a "resolution." In our opinion a resolution, particularly when used to express a ministerial act by a deliberative body, need not partake of any definite form and need not be a written instrument. This Court, in *Allen* v. *Morton,* 94 Ark. 405, 127 S. W. 450, which involved the election of a treasurer of the University of Arkansas pursuant to a state statute, used this language:

"Correctly speaking, his selection is an appointment. It is immaterial how he may be appointed if he is selected by a majority of the board at a meeting authorized by law to do so. The mode of selection does not make it more or less than an appointment by the board."

This court had under consideration a "motion" before a city council in *Van Hovenberg* v. *Holman,* 201 Ark. 370, 144 S. W. 2d 718, and held it was in effect a resolution. In doing so the opinion quoted from *Village of Altamont* v. *Baltimore & Ohio Ry. Co.*, 184 Ill. 47, 56 N. E. 340, the following: "A resolution or order is not a law, but merely a form in which the legislative body expresses an opinion . . . mere ministerial acts may be in the form of a resolution." Other jurisdictions have been even more explicit in stating that an oral motion is a form of resolution. *Meade* v. *Dane County,* 155 Wis. 632, 145 N. W. 239 says: "An oral motion passed by a common council of a city thereupon becomes a resolution." It was likewise so stated in *Green Bay* v. *Brauns,* 50 Wis. 204, 6 N. W. 503.

It is contended by appellee that, in all events, the election of appellant on the 14th was void because a resolution, proposing his selection, was not filed previously pursuant to city ordinance, but, in view of our final conclusion, it is not necessary to discuss this contention.

Second. It is contended by appellee that even though appellant was duly elected on the 14th, he was in effect removed from office by the action of the City Council on the 28th when it voted to "disapprove" the minutes of the earlier meeting. We think, however, that if appellant was duly elected he could not be removed in the manner stated. The disapproval vote carried by five to three but § 19-1020, *supra,* requires a two-thirds majority.

In this connection it is also urged that the Council meeting on the 28th had a right, by a majority vote, to approve or disapprove the minutes of the earlier meeting. It appears to us from the record, however, that the Council did not try to disapprove the *minutes* but tried to disapprove what was actually done at the former

meeting. The City Clerk stated that the minutes of the former meeting were correct until they were disapproved.

Third. Finally it is contended by appellee that, regardless of the regularity of appellant's election on the 14th, and regardless of the effect of the attempted "disapproval" of the minutes on the 28th, the Mayor had a right to and did veto the action of the Council on the 14th, and that since the veto was not overridden by the Council, appellant is not a member of the Board and cannot, therefore, prevail in this action. A majority of the Court agrees with appellee in this contention.

Sections 19-1020 and 19-1022, *supra,* which create the Board of Public Affairs and define its powers and duties, are both a part of section one of Act No. 67 of the Acts of 1885. The second section of this same Act gives the Mayor the right to veto "any ordinance, resolution, or order adopted or made by the City Council . . . which in his judgment is contrary to the public interest." It cannot be disputed, of course, that appellant's election was by "resolution." Not only have we pointed this out before but appellant also insists that it is true. Since the same Act that creates the Board also gives the Mayor the power to veto and since the wording of the Act is plain and clear, we can see no reason why it was not intended to apply in the case before us.

The argument is advanced that to allow the Mayor the right of veto here would be to destroy the whole intent of the Act because it would give the Mayor a voice in selecting the members of the Board. The answer to this argument appears to be that the Legislature had the right to make any arrangements it saw fit to make. After all, the Act does give some degree of independence to the Council because it is given the right to override the Mayor's veto by a two-thirds vote.

The judgment of the trial court is affirmed.

Justice McFADDIN concurs.