The Honorable Billy Joe Purdom State Representative 11CR66, Box 34 Yellville, Arkansas 72687
Dear Representative Purdom:
This is in response to your request for an opinion on the following question:
 1. Does the mayor of a second class city have the power of veto of an appointment to fill a vacancy on the City Council?
It is my opinion that the answer to this question is "yes". This authority is granted under A.C.A. 14-44-107(b) wherein it states in pertinent part:
 The mayor in these cities [cities of the second class] shall have the power to veto, within five (5) days, Sundays excepted, after the action of the council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interest.
While one might question whether the action of a city council in filling a vacancy falls within the "action" contemplated under this provision as that taken by "ordinance, resolution, or order", Arkansas Supreme Court precedent appears to resolve any doubt.
There is authority for the proposition that the action of a council in filling a vacancy is made either by ordinance or by resolution. See, Hill v. Rector, 161 Ark. 574, 578, 256 S.W. 848
(1923). The issue in that case was whether there was proper proof of the vote under Crawford Moses' Digest, 7518 (A.C.A.14-42-105), which requires a record of the names of those voting and for whom they voted. In concluding that the record was deficient, the court stated:
 . . . an appointment or election of a mayor to fill a vacancy by a city council of cities of the second class must be made in accordance with 7518, C. M. Digest, supra, in order to constitute a legal election. The provisions of 7518, supra, in regard to the manner in which the appointment shall be made and the recording thereof, are mandatory. The proceedings of the council in this regard must have been either by ordinance or resolution, and such proceedings must be proved by the record itself, in the absence of proof that such record has been lost or destroyed. [Citations omitted; emphasis added.]
The Arkansas Supreme Court subsequently noted, in Steward v. Rust,221 Ark. 286, 252 S.W.2d 816 (1952), that Hill v. Rector, supra, did not define a "resolution." 221 Ark. at 287. The court in Steward then went on to state:
 In our opinion a resolution, particularly when used to express a ministerial act by a deliberative body, need not partake of any definite form and need not be a written instrument. . . . This court had under consideration a `motion' before a city council in Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 718, and held it was in effect a resolution. In doing so the opinion quoted from Village of Altamont v. Baltimore Ohio Ry. Co., 184 Ill. 47, 56 N.E. 340, the following: `A resolution or order is not a law, but merely a form in which the legislative body expresses an opinion . . . mere ministerial acts may be in the form of a resolution.' Other jurisdictions have been even more explicit in stating that an oral motion is a form of resolution. Meade v. Dane County, 155 Wis. 632, 145 N.W. 239 says: `An oral motion passed by a common council of a city thereupon becomes a resolution.'
221 Ark. at 287-288. See also O'Brien v. City of Greers Ferry,293 Ark. 19, 732 S.W.2d 146 (1987). These cases support the proposition that the council acts by resolution or order in filling a vacancy. Steward v. Rust, supra, although somewhat factual distinct, also suggests the resolution of the specific issue involving the mayor's veto power. That case involved the mayor's veto of the city council's appointment to fill a position on a board of public affairs. The body of law creating such boards, which has since been repealed,[1] contained a section giving the mayor the right to veto "any ordinance, resolution, or order adopted or made by the City Council . . . which in his judgment is contrary to the public interest." Acts 1885, No. 67, 2. The court in Steward accepted an argument that the mayor had a right to and did veto the council's action, citing the above law and stating:
 It cannot be disputed, of course, that appellant's election was by `resolution.' Not only have we pointed this out before but appellant also insists that it is true. Since the same Act that creates the Board also gives the Mayor the power to veto and since the wording of the Act is plain and clear, we can see no reason why it was not intended to apply in the case before us.
221 Ark. at 289.
Although the mayor's veto power in a second class city is not part of the same body of law governing vacancies (see A.C.A. 14-14-107
and 14-44-104), the rationale of these cases clearly indicates that the veto power applies where the council acts to fill a vacancy. The council may, however, override the mayor's veto by a two-thirds vote. A.C.A. 14-44-107(b)(2)(B).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Acts 1959, No. 28, 11