The Honorable Railey A. Steele State Representative Route 3, Box 52A Gentry, AR 72734-9305
Dear Representative Steele:
This is in response to your request for an opinion regarding the appointment of a council member in an incorporated town. According to information attached to your request, an individual was appointed by a vote of the town council to fill a vacancy on the council. The mayor issued a written veto within the requisite five (5) days under A.C.A. § 14-45-105. The council voted to adjourn the meeting, and has not yet taken action to override the veto.
The question posed, which concerns the validity of the appointment to the council position, essentially turns on whether the mayor of an incorporated town has veto power over the council's appointment to fill the vacancy.
Please note that I have enclosed two opinions previously issued by this office which address this matter with regard to cities of the first and second class. Att'y Gen. Op. Nos. 90-078 and 90-166. It was concluded in Opinion Number 90-078 that the mayor of a city of the second class has the power to veto an appointment to fill a vacancy on the council. Although there are no Arkansas Supreme Court cases directly on point, the conclusion in Op. 90-078 was reached following a review of cases dealing with council proceedings involving vacancies. Emphasis was placed upon Hill v. Rector, 161 Ark. 574, 256 S.W. 848 (1923) andSteward v. Rust, 221 Ark. 286, 252 S.W.2d 816 (1952) as providing support for the proposition that the veto power applies where a city council acts to fill a vacancy.
A decision by the Circuit Court of Marion County, Arkansas involving the City of Bull Shoals was noted in the subsequent Opinion Number 90-166. It was also recognized therein, however, that a conclusive resolution of the issue remains with the Arkansas Supreme Court. The Marion County case, which apparently was not appealed, does not provide state-wide precedent.
The law in Arkansas in this area thus remains unsettled. Although one circuit court has determined that the mayor of a second class city has no veto power over the council's election of an alderman to fill a vacancy, the case of Steward v. Rust, supra, may suggest a different result with regard to an incorporated town. That case involved the mayor's veto of the city council's appointment to fill a position on a "Board of Public Affairs." The Arkansas Supreme Court's finding in favor of the mayor's veto power was compelled largely by the fact that the act creating the Board also gave the mayor the right to veto "any ordinance, resolution, or order adopted or made by the City Council. . . ."[1] Acts 1885, No. 67, § 2. This finding may be significant in light of the fact that the act establishing the corporate authority of incorporated towns includes the mayor's veto power. See A.C.A. § 14-45-101 to -106.
While it is therefore my opinion that a good argument can be made in favor of the mayor's power to fill a vacancy on the council, it must be recognized that at least one circuit court has concluded otherwise with regard to a city of the second class. We cannot predict with certainty the Arkansas Supreme Court's resolution of this issue. The foregoing discussion and the enclosed opinions will, however, hopefully provide sufficient information to assess the arguments.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The section creating the Board provided for the Board to be composed of the mayor and two citizens elected by the city council. Acts 1885, No. 67, § 1. This body of law pertaining to a "Board of Public Affairs" was repealed by Act 28 of 1959, § 11.