The Honorable William H. Townsend State Representative 507 W. 31st Street Little Rock, AR 72206
Dear Representative Townsend:
This is in response to your request, on behalf of North Little Rock Alderman Ira Scoggins, for an opinion concerning the authority of the mayor with regard to appointments to the civil service commission. Mr. Scoggins has noted in correspondence attached to your request that the appointment of individuals to the civil service commission is the responsibility of the city council. He has asked whether the mayor has the authority to veto such an appointment.
It is my opinion that the answer to this question is "yes." The veto may, however, be overridden by a two-thirds vote of the council.
It is my understanding that North Little Rock is a city of the first class. Arkansas Code Annotated § 14-50-101(a) (1987) states that any city of the first class having a population of 20,000 to 75,000 inhabitants, may establish a civil service system. Section14-50-201 requires the city council or other governing body of the city to, by ordinance, name five citizens of the city as a civil service commission for the system.[1] Section14-50-211(a) (1987) requires vacancies on the civil service commission to be filled by the city council or other governing body of the city. The Arkansas Supreme Court has noted that the council acts by resolution in filling such a vacancy. SeeSteward v. Rust, 221 Ark. 286, 252 S.W.2d 816 (1952). Seealso generally Op. Att'y Gen. Nos. 90-078 and 90-166.
Arkansas Code Annotated § 14-43-504(e)(1)(A) (Cum. Supp. 1991) allows the mayor of any city of the first class, in addition to his other powers and duties, the "power to veto, within five (5) days, Sundays excepted, after the action of the city council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interests."
Section 14-43-504(e)(1)(B)(ii) (Cum. Supp. 1991), however, allows the city council to override the mayor's veto with a vote of two-thirds of the aldermen. This section states that:
 No such ordinance, resolution, or order, or part thereof, vetoed by the mayor shall have any force or validity unless, after the written statement is laid before it, the council shall, by a vote of two-thirds (2/3) of all the aldermen elected thereto, pass it over the veto.
Accordingly, while the mayor has the authority to veto appointments to the civil service commission made by the city council by ordinance or resolution pursuant to § 14-50-201 or §14-50-211(a), such a veto may be overridden by a two-thirds vote of the council.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Act 191 of 1989 changed the number of commissioners who may be appointed to seven for cities of the first class having a mayor-council form of government and a population of no less than 37,000 nor more than 70,000 inhabitants.