The Honorable Randy Minton State Representative 830 Minton Road Ward, Arkansas 72176-8618
Dear Representative Minton:
I am writing in response to your request for an opinion on the following questions:
1. Does a second-class city have to pass its budget by ordinance?
 2. Please explain the legal difference in a motion, an ordinance and a resolution.
RESPONSE
In my opinion the answer to your first question is "no." In response to your second question, general definitions of these terms are set out below.
Question 1 — Does a second-class city have to pass its budget byordinance?
I assume, as an initial matter, that your question has reference to a city of the second-class with the mayor council form of government. The Arkansas Code provides, as regards such cities, that:
A.C.A. § 14-58-201
 On or before December 1 of each year, the mayor of all cities and incorporated towns having the mayor-council form of government shall submit to the governing body of the city or town, for its approval or disapproval, a proposed budget for operation of the city or town from January 1 to December 31 of the forthcoming year.
 A.C.A. § 14-58-202
 Under this subchapter, the governing body of the municipality shall, on or before February 1 of each year, adopt a budget for operation of the city or town.
 A.C.A. § 14-58-203
 (a) The approval by the municipal governing body of the budget under this subchapter shall, for the purposes of the budget from time to time amount to an appropriation of funds which are lawfully applicable to the items therein contained.
 (b) The governing body may alter or revise the budget and unpledged funds appropriated by the governing body for any purpose may be subsequently, by action of the governing body, appropriated to another purpose, subject to the following exceptions:
 (1) Funds resulting from taxes levied under statutes or ordinances for specific purposes may not be diverted to another purpose;
 (2) Appropriated funds may not be diverted to another purpose where any creditor or the municipality would be prejudiced thereby.
A.C.A. §§ 14-58-20, 202 and 203 (Repl. 1998).
The subchapter quoted from above does not specify whether the governing body must adopt the budget by ordinance. It has been stated in this regard that:
 The governing body of a municipal corporation ordinarily can act only by ordinance or resolution. If the mode of the exercise of a power is not prescribed in the act or charter conferring the power or in some other statute, the power may be exercised by resolution as well as by ordinance or order. . . .
62 C.J.S. Municipal Corporations, § 158 (emphasis added and footnotes omitted).
It has also been stated by the Arkansas Supreme Court that "[w]here the law conferring authority on the city council to act does not require same to be exercised by ordinance, it may be exercised by resolution." CoalDistrict Power Company v. Booneville, 169 Ark. 1065, 1068, 278 S.W. 353
(1925), citing Batesville v. Ball, 100 Ark. 496, 140 Ark. 712 (1911) andArkadelphia Lumber Co. v. Arkadelphia, 56 Ark. 350, 19 S.W. 1053 (1892).
I can find no state law requirement specifying that the adoption of a municipal budget must be by ordinance. In my opinion, therefore, the answer to your first question is "no."
Question 2 — Please explain the legal difference in a motion, anordinance and a resolution.
These terms are not defined in the Arkansas Code with particular reference to cities and towns.[1]
The Arkansas Supreme Court, however, has quoted the following language with approval:
 A resolution or order is not a law, but merely the form in which the legislative body expresses an opinion. An ordinance prescribes a permanent rule of conduct or government, while a resolution is of a special and temporary character. Acts of legislation by municipal corporations which are to have continuing force and effect must be embodied in ordinances, while mere ministerial acts may be in the form of resolutions. . . . Where the charter requires an act to be done by ordinance, or where such a requirement is implied, as it is here, by necessary inference, a resolution is not sufficient, but an ordinance is necessary.
Van Hovenberg v. Holman, 201 Ark. 370, 374, 144 S.W.2d 718 (1940), citingVillage of Altamont v. Baltimore Ohio S.W. Railroad Company,184 Ill. 47, 56 N.E. 340 (19).
It has also been generally stated that:
 While the terms "resolution: and "ordinance" have been used interchangeably, and the term "resolution" has been held to be the equivalent of the term "ordinance," and it has been held that a resolution may be treated as an ordinance, a resolution generally is less solemn and formal than an ordinance. A resolution is customarily passed without the forms and delays that constitutions and municipal charters generally require for the enactment of valid laws or ordinances.
62 C.J.S. Municipal Corporations, § 247 (footnotes omitted).
It has also been held that "a resolution, particularly when used to express a ministerial act by a deliberative body, need not partake of any definite form and need not be a written instrument." Steward v. Rust,221 Ark. 286, 288, 252 S.W.2d 816 (1952).
In addition, "motions" have been held to be forms of "resolutions."Steward v. Rust, 221 Ark. 286, 288, 252 S.W.2d 816 (1952) citing VanHovenberg v. Holman, 201 Ark. 370, 374, 144 S.W.2d 718 (1940).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] These terms are defined with respect to counties. See A.C.A. §14-14-904 (i), (j) and (k) ("A county ordinance is defined as an enactment of compulsory law for a quorum court which defines and establishes the permanent or temporary organization and system of principles of a county government for the control and conduct of county affairs. A county resolution is defined as the adoption of a formal statement of policy by a quorum court, the subject matter of which would not properly constitute an ordinance. A resolution may be used whenever the quorum court wishes merely to express an opinion as to some matter of county affairs, and a resolution shall not serve to compel any executive action. A motion is defined as a proposal to take certain action or an expression of views held by the quorum court body. As such, a motion is merely a parliamentary procedure which precedes the adoption of resolutions or ordinances. Motions shall not serve to compel any executive action unless such action is provided for by a previously adopted ordinance or state law."