The Honorable Barbara King State Representative 106 Tulip Circle Helena, AR 72342-1620
Dear Representative King:
I am writing in response to your request for my opinion on the following question concerning the ordinance that is required under A.C.A. §14-40-1201 with respect to the consolidation of municipalities:
 1. When the city council passes the ordinance as required by 14-40-1201, can the mayor veto the ordinance?
RESPONSE
It is my opinion that the answer to this question is in all likelihood "no."
The ordinance in question is enacted by the city council upon the city clerk's presentation of a consolidation petition that has been determined sufficient. Section 14-40-1201 provides in relevant part:
 (ii) If the city clerk or town recorder of the respective municipalities decides the petitions are sufficient, he or she each shall notify the petitioners in writing and shall present the petitions to the city or town council of the larger municipal corporation.
 (b)(1)(A) When the petition is presented to the council, the council shall pass an ordinance in favor of the annexation and approving and ratifying the petition.
 (B) If the council fails to pass the ordinance required under subdivision (b)(1)(A) of this section, then any interested party may apply for a writ of mandamus to require the performance of the requirement.
A.C.A. § 14-40-1201(a)(3)(B) and (b)(1) (Supp. 2003).
The above language in subsection (b) reflects the codification ofAct 1171 of 2003. The statute formerly provided that "it shall be lawful for the council to pass an ordinance" favoring the annexation and approving the petition. See A.C.A. § 14-40-1201(b)(1) (Repl. 1998) (emphasis added). My predecessor in office interpreted this language to mean that the council's action in passing the ordinance was not ministerial and that it had the discretion to refuse to pass the measure if it did not favor the annexation. Op. Att'y Gen. 2002-139. It appears that the legislature has removed this discretion. The principle that the term "shall" indicates mandatory, rather than discretionary, compliance is well established in Arkansas law. See, e.g., Brewer v. Fergus,348 Ark. 577, 79 S.W.3d 831 (2002). This, coupled with the characterization of the ordinance as a "requirement" (subsection (b)(1)(B), supra), indicates that the city council no longer exercises discretion in passing the ordinance.
This leads me to conclude that the ordinance in all likelihood is not encompassed within the mayor's general veto power. The veto power is set forth in A.C.A. § 14-43-504(e)(1) (Repl. 1998). This Code section gives the mayor of a city of the first class the right to veto "any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interest." In my opinion, this broad grant of authority cannot be reconciled with A.C.A. §14-40-1201's "requirement" that the ordinance favoring annexation and approving the petition be passed when the council is presented with the petition. The interjection of the mayor's "judgment" in exercising the veto power (§ 14-43-504 (e)(1), supra) is particularly antithetical to this mandate under § 14-40-1201.
The case of Steward v. Rust, 221 Ark. 286, 252 S.W.2d 816 (1952), one of the few instances in which the Arkansas Supreme Court was called upon to consider the mayor's veto power, lends support to this conclusion. InSteward, the court upheld the mayor's veto of a city council resolution appointing a member of the city's Board of Public Affairs. It was argued that to allow the veto "would be to destroy the whole intent of the Act [Act 67 of 1885, which created the Board] because it would give the Mayor a voice in selecting the members of the Board." 221 Ark. at 289. The court had no problem rejecting this argument because the mayor's veto power was contained in that same act. The court consequently saw no reason why the veto was not intended to apply in connection with Board appointments. Id. This was within the legislature's prerogative, the court noted, although it was also observed that the "the Act does give some degree of independence to the Council because it is given the right to override the Mayor's veto by a two-thirds vote." Id.
Unlike in Steward, there are discernable reasons why the mayor's veto is not intended to apply to the particular ordinance at hand. First, the veto power is not contained in the same legislation that requires the ordinance involving consolidation. Additionally, it is clear as noted above that the ordinance under A.C.A. § 14-40-1201 is now mandatory. The statutory scheme leaves no room for giving the mayor a voice in passing this ordinance. The legislature could not reasonably have intended on the one hand to require the ordinance, while also subjecting it to the mayor's "judgment" in exercising his veto (A.C.A. § 14-43-504(e)(1),supra).
In conclusion, therefore, it is my opinion that the mayor's general power to veto a city council ordinance does not apply with regard, specifically, to the ordinance required under A.C.A. § 14-40-1201.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh