The Honorable Barbara King State Representative 106 Tulip Circle Helena, Arkansas 72342-1620
Dear Representative King:
I am writing in response to your request for an opinion on two questions concerning the filling of a vacancy on the city council in a city of the first class. Your questions are as follows:
 1. For a vacant position on a city council of a city of the first class, how many votes are needed for the council to appoint someone to fill the vacant position?
 2. Does the mayor of a city of the first class have veto power on an appointment to fill a vacant city council position?
RESPONSE
It is my opinion, assuming you are referring to one vacancy on an eight-member council, that four votes are needed to fill the vacancy. In my opinion the answer to your second question is "yes," the mayor's veto power extends to the appointment of a new council member. The council also retains its power to override the veto, however, with six votes.
Question 1 — For a vacant position on a city council of a city of thefirst class, how many votes are needed for the council to appoint someoneto fill the vacant position?
Two separate statutes address this question. The first is A.C.A. §14-42-103, which applies to municipalities generally. It provides in subsection (a) as follows:
 (a) Vacancies in municipal offices which are authorized by state law to be filled by appointment by the city or town governing body shall require a majority vote of the remaining members of the governing body. However, there must always be a majority of a quorum of the whole number of the governing body to fill the vacancy.
(Emphasis added).
The second statute is A.C.A. § 14-43-411. It applies specifically to cities of the first class. Subsection (a)(1) of this statute provides as follows:
 (a)(1) Whenever a vacancy shall occur, for any reason, in the office of alderman in any city of the first class, at any regular meeting after the occurrence of the vacancy, the city council shall proceed to elect by a majority vote of the remaining members elected to the council an alderman to serve for the unexpired term. Provided, however, it is necessary that at least a quorum of the whole number of the city council shall remain in order to fill the vacancy.
(Emphasis added).
Each of these statutes requires a majority vote of the "remaining members" in order to fill a vacancy on the council. In my opinion, therefore, where there is one vacancy on an eight-member council, a majority of the remaining seven members is four. This number also passes the requirement that there at least be a "majority of a quorum of the whole number" under A.C.A. § 14-42-103(a) above. A quorum of eight is five and a majority of five is three, so clearly four votes would meet or exceed this separate requirement.[1] Thus, four votes are required to appoint an alderman to fill the vacancy. Cf. Op. Att'y. Gen. 2000-153
(concluding that the mayor may not be counted as an elected member of the council for the purpose of casting the deciding vote to fill a vacancy on the city council of West Helena where the vote is 3-2).
Question 2 — Does the mayor of a city of the first class have veto poweron an appointment to fill a vacant city council position?
It is my opinion that the answer to this question is "yes." This was the conclusion of Op. Att'y. Gen. 90-034, which relied upon Op. Att'y. Gen.90-078, involving a city of the second class. The law has not changed materially on this point since the rendition of these opinions. Cf. also
Op. Att'y. Gen. 2001-099 (concluding the mayor of a second-class city can veto the council's selection of an alderman, subject to the council's power to override the veto by a 2/3 vote of the whole membership).
The relevant statute in this case is A.C.A. § 14-43-504(e), which provides as follows:
 The mayor of any city of the first class shall, in addition to the powers and duties already pertaining to that office, be clothed with, and exercise and perform, the following:
 (1) A mayor shall have the power to veto, within five (5) days, Sundays excepted, after the action of the city council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interests.
 (2) (A) In case of a veto, before the next regular meeting of the council, the mayor shall file in the office of the city clerk, to be laid before that meeting, a written statement of his reasons for so doing.
 (B) No such ordinance, resolution, or order, or part thereof, vetoed by the mayor shall have any force or validity unless, after the written statement is laid before it, the council shall, by a vote of two-thirds (2/3) of all the aldermen elected thereto, pass it over the veto.
(Emphasis added).
It was stated in Op. Att'y. Gen. 90-078, with regard to the mayor's veto power, that "[w]hile one might question whether the action of a city council in filling a vacancy falls within the `action' contemplated under this provision as that taken by `ordinance, resolution, or order,' Arkansas Supreme Court precedent appears to remove any doubt." Id. at 1. Opinion 90-078 then cites the cases of Hill v. Rector, 161 Ark. 574,256 S.W. 848 (1923) and Steward v. Rust, 221 Ark. 286, 252 S.W.2d 816 (1952) as supporting the proposition that the mayor can veto a council appointment. Id. Cf. also, Opinion 91-078 (concluding that a good argument can be made for the mayor's veto power over a council appointment in an incorporated town, citing Hill v. Rector and Steward v. Rust, supra and noting that a contrary circuit court decision did not stand as state-wide precedent). See also, Op. Att'y. Gen. 2001-099 (concluding that the veto power of a mayor of a city of the second class extends to a council appointment and noting that the previously-mentioned circuit court decision was "in error"). See also generally, Op. Att'y. Gen. 90-166.
As set out in A.C.A. § 14-43-504(e)(2)(B) above, however, the council can override the mayor's veto by a vote of two-thirds of all the aldermenelected to the council. As stated in Op. Att'y. Gen. 2001-099, this requires a vote of two-thirds of the "whole membership." Id. at 3. A two-thirds vote of an eight-member council is six votes. Six votes would therefore be necessary in order to override a mayor's veto of a council appointment.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] This requirement in A.C.A. § 14-42-103(a) is somewhat different from the requirement of A.C.A. § 14-43-411(a)(1) that a quorum of the whole number of the city council "remain" in order to fill the vacancy.