The Honorable Bobby Glover State Senator Post Office Box 1 Carlisle, Arkansas 72024
Dear Senator Glover:
I am writing in response to your request for my opinion on the question that I paraphrase as follows:
 1. Since Section 2 of Ordinance No. 37 of 2004 of the City of Cabot states that members of the Cabot Utility Commission shall be elected by a majority vote of the City Council, does the Mayor have the authority to veto an appointment to the Commission?
2. Does state law authorize the Commission to appoint key personnel?
RESPONSE
In my opinion, in response to your first question the Mayor retains his veto power with respect to the City Council's election of Commissioners to the Cabot Utility Commission. In response to your second question, state law does authorize the Cabot Utility Commission to appoint key personnel insofar as the Ordinance 37 of 2004 has delegated hiring authority to the Commission.
Question 1: Does the Mayor have the authority to veto an appointment tothe Cabot Utility Commission?
The powers and duties of a mayor are statutorily defined at Ark. Code Ann. § 14-43-504 (Repl. 1998). Specifically, subsection (e) (1) provides that:
 A mayor shall have the power to veto within five (5) days, Sundays excepted, after the action of the city council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interests.
Id. I have addressed a similar issue with regards to whether a mayor of a city of the first class has the power to veto an appointment to fill a vacant city council seat. Op. Att'y Gen 2004-270; see also Op. Att'y Gen. 91-078 (opining that the mayor of an incorporated town could veto the appointment of a council member); and Op. Att'y Gen. 90-078 (opining that a mayor of a city of the second class could veto an appointment to a City Council). I opined that the mayor of a city of the first class has the power to veto such an appointment. Op. Att'y Gen. 2004-270. I relied on Ark. Code Ann. § 14-43-504 as well as Arkansas Supreme Court precedent addressing a mayor's veto power, Steward v. Rust, 221 Ark. 286,252 S.W.2d 816 (1952). Steward is particularly instructive as the Arkansas Supreme Court stated that the filling of a vacancy by a city council will take the form of an order or resolution. Id. at 287. Furthermore, a resolution was held not to require any particular format or written requirements. Id. The law has not changed materially on this point since the rendition of these opinions. I am enclosing a copy of Op. Att'y Gen.2004-270.
Because the appointment of a commissioner will take the form of an order or resolution, the Mayor of Cabot will retain the veto power over such an appointment pursuant to Ark. Code Ann. § 14-53-504.
Question 2: Does State law authorize the Cabot Utility Commission toappoint key personnel?
In my opinion, the Commissioners may under State law appoint, by means of hiring within the powers granted by the Ordinance 37, key personnel for the Cabot Utilities Board.
This question presents an issue of whether the Cabot City Council has properly delegated authority to the Cabot Utility Commission through Ordinance No. 37 of 2004. A municipality has only the powers expressly provided by the legislature of the State and then only so much power incident to such grants as are necessary to fully effectuate them.Cosgrove v. City of West Memphis, 327 Ark. 324, 326, 938 S.W.2d 827
(1997). In Cosgrove, the court noted that General Assembly has extended the power to create commissions to operate or manage public utilities that the municipalities own. Id. at 327; See also Ark. Code Ann. §§14-201-101 through 129 (Repl. 1999 Supp. 2003). The Court held that strict compliance with the statutory scheme was not required in creating a public utilities commission by a municipality so long as any commission created to oversee public utilities was an agency of the city. Cosgrove,327 Ark. at 328 (quoting Adams v. Bryant, 236 Ark. 859, 970 S.W.2d 432
(1963).
Ordinance 37 of 2004 to establish the Cabot Utilities Commission provides in the pertinent part:
 SECTION 8: Powers. The commission shall have the authority and power to employ engineers, auditors, consultants, and other experts where the need and occasion arises. Likewise, the commission shall have the authority to manage, operate, improve and recommend salaries, establish policies, and to extend the facilities of the utility department. Their powers are not limited to, but include, contracting for the purchase of supplies necessary for water and wastewater operation, letting and opening bids; and all other necessary things essential for their operation, providing that any purchase over twenty-five thousand ($25,000.00) dollars is confirmed by the city council
* * *
 SECTION 14: General Manager. The commission will have the authority to hire the manager of the Cabot water and wastewater works. Both utility managers shall have all licenses required by the State.
The City of Cabot possesses the appropriate power to create the Cabot Utility Commission operating and managing water and wastewater facilities for the City of Cabot. Cosgrove, 327 Ark. The City of Cabot chose not to utilize the statutory framework provided in Ark. Code Ann. §§ 14-201-101
through 129, and instead passed Ordinance No. 37 of 2004. Arkansas Code Annotated § 14-201-110 (a) (1) (Repl. 1999), however, is instructive. This section provides that a public utilities commission established by a municipality to manage and operate water or wastewater utilities shall have the power to hire or fire assistants and employees for these utilities. Id. On the basis of Cosgrove, 327 Ark., and the analogy of Ark. Code Ann. § 14-201-110(a)(1), I opine that the Commission is properly empowered under state law to appoint, by means of hiring, employees and managers of the wastewater utilities of the City of Cabot.[1]
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] I additionally note that Op. Att'y Gen. 2004-329, issued simultaneously herewith, expressly deals with whether the Cabot Utility Commission is a department of the City of Cabot and whether the Mayor of Cabot has the power to appoint the managers of the Cabot Utilities Commission.