The Honorable Otis Davis State Representative 1112 4th Street Earle, AR 72331
Dear Representative Davis:
I am writing in response to your request for an opinion on the following:
 Given the case that a majority of a County Quorum Court voted in favor of the creation of a county planning board and given that the County Judge then appointed 12 individuals to serve on the planning board as instructed by Arkansas Code [§] 14-17-203
and brought forth the appointees to the Quorum Court for confirmation; does confirmation of the appointees require a majority vote by the total number of members of the Quorum Court or only a majority of Quorum Court members who actually participated in the confirmation vote?
RESPONSE
In my opinion, a majority vote of the total number of members of the quorum court is required to confirm an appointee to a newly formed county planning board because such a confirmation is properly effectuated through a county resolution pursuant to A.C.A. § 14-14-904 (Supp. 2005), rather than as an ordinance or motion of a quorum court.
The specific language of the statute governing the creation of county planning boards, A.C.A. § 14-17-203 (Repl. 1998), requires that the board members be "confirmed" by the quorum court. It does not specify the procedure for confirmation. Confirmation of a county judge's appointee is a definite exercise of legislative authority. See Op. Att'y Gen. 2001-015 (specifically listing the confirmation of a member of a facilities board appointed by the county judge as an exercise of local legislative authority). Generally speaking, a quorum court may only exercise its legislative powers through ordinances, resolutions, and motions. A.C.A. § 14-14-904(f) (Supp. 2005). Your question, then, depends on whether confirmation of a county judge appointee to a newly formed county planning board is properly effected by an ordinance, which requires a majority vote of all members of the quorum court, A.C.A. § 14-14-904(h) (Supp. 2005), a resolution, which also requires a majority vote of all members of the quorum court, id., or a motion, which requires a majority vote of a quorum of the quorum court, id.
The pertinent sections of A.C.A. § 14-14-904 state:
 (h) MAJORITY VOTE REQUIRED. All legislative actions of a quorum court, excluding the adoption of a motion, shall require a majority vote of the whole number of justices comprising a quorum court unless otherwise provided by the Arkansas Constitution or by law. A motion shall require a majority vote of the whole number of justices comprising a quorum for passage.
 (i) COUNTY ORDINANCE. A county ordinance is defined as an enactment of compulsory law for a quorum court which defines and establishes the permanent or temporary organization and system of principles of a county government for the control and conduct of county affairs.
 (j) COUNTY RESOLUTION. A county resolution is defined as the adoption of a formal statement of policy by a quorum court, the subject matter of which would not properly constitute an ordinance. A resolution may be used whenever the quorum court wishes merely to express an opinion as to some matter of county affairs, and a resolution shall not serve to compel any executive action.
 (k) MOTION. A motion is defined as a proposal to take certain action or an expression of views held by the quorum court body. As such, a motion is merely a parliamentary procedure which precedes the adoption of resolutions or ordinances. Motions shall not serve to compel any executive action unless such action is provided by a previously adopted ordinance or state law.
Id. I will address each possibility in turn.
In my opinion, such a confirmation is not properly effectuated through an ordinance. The confirmation of a board member neither defines nor establishes the "organization and system of principles" for county governance. The organization or the system of principles for governing the county at issue in this instance is the establishment of a county planning board. The quorum court has already voted and approved the creation of the county planning board. Confirming the individuals who will sit on the planning board does not change the nature of county governance. An ordinance is not the appropriate method of confirming an appointee to a county planning board, in my opinion.
Neither does such a confirmation seem appropriate for a motion as described above. A motion, as a parliamentary precedent to a resolution or ordinance, is a proposal to take a future action. Confirmation is, by necessity, more than a proposal. Absent confirmation, an appointee will not be authorized to take his or her seat. As noted in the definitions provided above, both an ordinance and a resolution are formal actions of the quorum court while a motion is a parliamentary aside that precedes the formal action of either the ordinance or the resolution. In my opinion, a motion is not the proper method of confirming an appointee to the county planning board.
In my opinion, a resolution is the proper method of confirmation. One of my predecessors quoted the following passage describing the general authority for a municipal corporation to exercise powers by resolution when the method of exercise is not otherwise delineated:
 The governing body of a municipal corporation ordinarily can act by ordinance or resolution. If the mode of the exercise of a power is not prescribed by the act or charter conferring the power or in some other statute, the power may be exercised by resolution as well as by ordinance or order . . .
62 C.J.S. Municipal Corporations, § 158 (quoted in Op. Att'y Gen. 2001-230). With respect to the legislative powers of a city council, the Arkansas Supreme Court has stated that when a state law confers a particular power to a city council but does not require that that power be exercised by ordinance that the power may be exercised by resolution. Coal District Power Co. v.Booneville, 169 Ark. 1065, 1068 (1925). While the Arkansas Supreme Court has not had the opportunity to rule on this issue with respect to counties, the court's logic with respect to a city council's power would seem analogous to the description proffered by my predecessor. Furthermore, confirmation of an appointee often takes the form of a resolution in other states.See, e.g., Tenn. Op. Att'y Gen. 02-060 (detailing the appointment and confirmation by resolution process of the Tennessee Regulatory Authority directors); La. Op. Att'y Gen.99-221 (noting that the appointments of the parish president of the Parish of St. John the Baptist were confirmed by resolution of the Parish Council); and Del. Op. Att'y Gen. 97-IB22 (detailing the local ordinance providing for confirmation by resolution of the city council for mayoral appointees to a Residency Review Board). In the situation you have presented, the quorum court is charged with confirming the county judge's appointees to a county planning commission but the law does not specify how the quorum court is to effectuate that confirmation. In my opinion, because the quorum court was not required to confirm the appointees by ordinance but was affirmatively granted the power of confirmation, for the reasons stated above confirmation is properly effectuated through a resolution.[1]
In my opinion, for the reasons stated above, the confirmation of a county judge appointee to a newly formed county planning board is properly done by resolution, requiring a majority vote of the total number of members of the quorum court as set out in A.C.A. § 14-14-904(h), rather then an ordinance or a motion, requiring a majority vote of a quorum of the quorum court members.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely.
MIKE BEEBE Attorney General
[1] Furthermore, a resolution may be passed without a specific format and without the formal publication requirements of an ordinance in certain circumstances. See Op. Att'y Gen. 2001-230
(quoting Steward v. Rust, 221 Ark. 286, 252 S.W.2d 816
(1952)).