The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to your request for an opinion on the following questions:
 1. If a city council of a city of the first class decides to form a committee from the city council composed only of a part of the aldermen, must such an action be done by ordinance, resolution or motion under the authority of either A.C.A. § 14-43-501 or A.C.A. § 14-58-301?
 2. If a committee was formed by the city council by the passage of an ordinance or resolution, does the mayor have the ability to veto the ordinance or resolution?
 3. If the committee was formed by the city council by motion, does the mayor have the ability to veto the motion if the motion is passed by the council?
 4. Does a city council of a city of the first class possess an inherent power under Arkansas state statutory or case law to form itself into committees for the purpose of oversight, investigation and making recommendations to the whole body of the city council despite a mayor's objection or veto of the actions forming a committee? *Page 2 
RESPONSE
Question 1 — If a city council of a city of the first classdecides to form a committee from the city council composed only of apart of the aldermen, must such an action be done by ordinance,resolution or motion under the authority ofeither A.C.A. § 14-43-501 or A.C.A. § 14-58-301?
With regard, first, to A.C.A. § 14-43-501, there is nothing in this statute specifically addressing the formation of committees comprised in part of members of a city council. Accordingly, this statute offers no specific authority, and establishes no specific requirements, regarding the procedure to be followed by the city council in forming such committees. Nor has my research disclosed any other general statutory requirements or procedures in this regard.
I will note that pursuant to A.C.A. § 14-43-501(a)(2)(C)(i) (Supp. 2009), members of a city council "shall determine the rules of their proceedings. . . ." This appears to be consistent with the general rule that "[a] municipal council has inherent power to make rules of procedure for its own government, provided such rules are not inconsistent with the constitution, its municipal charter, or any statute of the state." 56 Am.Jur.2d Municipal Corporations § 156 (1971). This suggests that it may be necessary to consider any local procedural rules when addressing the matter of committee formation. It may also be relevant to note that according to previous opinions of this office, in the absence of statutory guidance or local procedural rules, the general rules of parliamentary procedure, such asRobert's Rules of Order, will apply to city council proceedings. Op. Att'y Gen. Nos. 2006-034; 2004-326; 98-282; 95-152. It may therefore be appropriate to refer to customary parliamentary procedure when considering the general course of action in forming a city council committee. See, e.g., Robert's Rules of Order NewlyRevised (10th ed.), pp. 471 and 474 (Perseus Publishing, 2000) (discussing characteristics of committees and addressing methods of their appointment).
I would also suggest that this question be directed to local counsel, who will be better positioned to advise city officials regarding the applicable procedural requirements under the particular circumstances.
Regarding A.C.A. § 14-58-301, as I recently explained in Op. Att'y Gen. 2009-137, this statute is part of a subchapter that deals with various financial affairs of cities of the first class, including purchasing, payment of claims, and disposal of municipal property. If the above question relates to a committee formed to assist *Page 3 
the mayor in carrying out the provisions of that subchapter, then section 14-58-301 plainly does not require an ordinance to form such a committee.[1] As stated in Op. 2009-137, an ordinance would be required pursuant to section 14-58-301 for the creation of adepartment for those purposes. But as I interpret the statute, the requirement of an ordinance does not extend to formation of acommittee. See n. 1, supra
(emphasized statutory language).
Section 14-58-301 is otherwise silent regarding the procedure for appointing committees under that subchapter. Accordingly, I believe the above general observations regarding committee formation will apply to such committees.
Question 2 — If a committee was formed by the city council bythe passage of an ordinance or resolution, does the mayor have theability to veto the ordinance or resolution?
The answer to this question appears to be "yes," as a general matter, pursuant to A.C.A. § 14-43-504, which provides in relevant part:
 The mayor of any city of the first class shall, in addition to the powers and duties already pertaining to that office, be clothed with, and exercise and perform, the following:
 (1) A mayor shall have the power to veto, within five (5) days, Sundays excepted, after the action of the city council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interests.
A.C.A. § 14-43-504(e) (Supp. 2009) (emphasis added). *Page 4 
Question 3 — If the committee was formed by the city councilby motion, does the mayor have the ability to veto the motion if themotion is passed by the council?
It is difficult to definitively opine regarding the mayor's veto power in the context of a "motion," without knowing the specific surrounding circumstances. Assuming that the particular committee was properly formed by "motion" under the applicable rules of procedure, see response to Question 1 above, then it appears the answer to this question is probably "no" because a "motion" is not included within those actions that are subject to the mayor's veto pursuant to A.C.A. § 14-43-504(e)(1) (extending the veto to "any ordinance, resolution, or order. . . .").[2] But it should perhaps also be noted that "motions" have in some instances been held to be forms of "resolutions." See Steward v. Rust,221 Ark. 286, 288, 252 S.W.2d 816 (1952) citing Van Hovenberg v.Holman, 201 Ark. 370, 374, 144 S.W.2d 718 (1940).
As suggested above, it may be advisable to direct this question in the first instance to local counsel, who will be more aware of the specific facts and consequently in a better position to determine the mayor's veto authority.
Question 4 — Does a city council of a city of the first classpossess an inherent power under Arkansas state statutory orcase law to form itself into committees for the purpose ofoversight, investigation and making recommendations to the wholebody of the city council despite a mayor's objection or veto of theactions forming a committee?
The mayor's objection or veto has no bearing on whether the city council is authorized, in the first instance, to form itself into committees. As indicated above in response to your first question, I believe a city council may, under either its own procedural rules or customary parliamentary procedure, generally form itself into committees for its own governance.
As also discussed above, however, the council's action in forming such committees may be subject to veto by the mayor. But as a final note in this regard, the city council has the authority to override, by a two-thirds vote, the mayor's veto. A.C.A. § 14-43-504(e)(2)(B) (Supp. 2009) ("No such ordinance, resolution, *Page 5 
or order, or part thereof, vetoed by the mayor shall have any force or validity unless, after the written statement is laid before it,the council shall, by a vote of two-thirds (2/3) of all the aldermenelected thereto, pass it over the veto.") (Emphasis added).
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Section 14-58-301 provides in relevant part:
 For the purpose of assisting the mayor of a first-class city in carrying out the provisions of this subchapter, the municipal governing body may appoint one (1) or more committees, to be composed from its membership, or, by ordinance, it may create one (1) or more departments, fixing the compensation and manner of employment for the employees thereof.
A.C.A. § 14-58-301(a) (Repl. 1998) (emphasis added).
[2] It may bear noting that Robert's Rules of Order
identifies different procedures with respect to "special" and "standing" committees. Robert's Rules,supra, at 472 — 479. According to Robert's Rules, a so-called "standing committee" "must be constituted by name (a) by a specific provision of the bylaws or (b) by a resolution. . . ."Id. at 473.