Toni O'BRIEN *v.* CITY OF GREERS FERRY, ARKANSAS, and Arnold McARTY, Herb LAMB, Paul TERPSTRA, Willie Joe NIPP, Aldermen of the City of Greers Ferry; et al.

87-84                                    732 S.W.2d 146

Supreme Court of Arkansas
Opinion delivered July 13, 1987

*John Wesley Hall, Jr.*, for appellant.

*Darryl Graves*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Toni O'Brien, a taxpayer and alderman of the City of Greers Ferry, filed suit for a declaratory judgment and an injunction against appellees, who are four other aldermen, the city recorder, and the Cleburne County tax collector. She alleged that the four aldermen and the recorder were illegally holding office and, therefore, their actions were void, and, in addition, the city council had failed to certify the tax rate as required by statute and, therefore, the taxes imposed were invalid. On cross-motions for summary judgment the trial court held that the aldermen and the recorder were not illegally selected and the taxes were validly certified. We affirm the judgment holding that the city officials were validly selected, but reverse and remand for trial that part of the judgment holding the taxes were validly certified.

At an earlier date, four councilmen and the recorder resigned from office. Under the applicable statute, it fell to the remaining aldermen to elect successor officers. In Greers Ferry, the practice was for the mayor to nominate a successor, and the council would then vote on that nomination without a second

being made. Both parties agree that the first issue is whether a motion and a second are required for a valid city council vote. While such a procedure is certainly desirable, it is not required by law. Appellant cites us to several statutes and cases in support of her argument, but we do not find any of them persuasive. Ark. Stat. Ann. §§ 19-905 and 19-1111 (Repl. 1980) set out the requirements for filling vacancies on a city council.

> 19-905. *Appointments of officers by council.* — All appointments of officers by any council shall be made viva voce, and the concurrence of a like majority shall be required; the names of those voting, and for whom they voted, on the votes resulting in the appointment, shall be recorded, and all such voting shall be public.

> 19-1111. *Vacancy in the office of alderman filled by council.* — Whenever a vacancy shall occur, by any reason, in the office of alderman in any city of the second class, the city council shall at the first regular meeting after the occurrence of such vacancy proceed to elect by a majority vote of the city council, an alderman to serve for the unexpired term.

Ark. Stat. Ann. § 19-1112 (Repl. 1980) sets out the requirements for filling a vacancy in the city recorder's office:

> 19-1112. *Vacancy in office of recorder or marshal filled by council.* — Whenever a vacancy shall occur in the office of recorder or marshal in any city of the second class from any cause, the city council shall, at the first regular meeting after the occurrence of such vacancy, proceed to elect by a majority vote of all the aldermen a recorder or marshal to serve for the unexpired term.

None of the aforementioned statutes mentions, much less requires, "motions" and "seconds" in making these appointments. Further, in *Steward* v. *Rust*, 221 Ark. 286, 252 S.W.2d 816 (1952), a case cited by appellant, we explained:

> Appellee says that, under the authority of *Hill* v. *City of Rector*, 161 Ark. 574, 256 S.W. 848, the election was void because no resolution was first presented. This case, however, does not define a "resolution." In our opinion a resolution, particularly when used to express a ministerial

act by a deliberative body, need not partake of any definite form and need not be a written instrument. This Court, in *Allen* v. *Morton*, 94 Ark. 405, 127 S.W. 450, which involved the election of a treasurer of the University of Arkansas pursuant to a state statute, used this language:

Correctly speaking, his selection is an appointment. *It is immaterial how he may be appointed if he is selected by a majority of the board at a meeting authorized by law to do so.* The mode of selection does not make it more or less than an appointment by the board.

(Emphasis added.)

It is undisputed that each of the four aldermen and the recorder received a majority vote when each one of them was selected. The fact that there was no formal motion and second does not render their selection illegal.

Appellant next argues that the selection of one of the aldermen was void because the original minutes of the city merely showed that he was selected and it was not until eleven months later that the minutes were amended to show the roll call vote on his selection. Appellant does not deny that a roll call vote was taken and does not contend that the amended minutes are incorrect. She simply argues that the delay was untimely, and therefore, renders the selection invalid. The argument is without merit because there is no question about the accuracy of the amendment, and the delay in entering it caused no harm. The case cited by appellant, *Beverly Land Co.* v. *South Sioux City*, 219 N.W. 385 (Neb. 1928), is clearly distinguishable, for in that case there was no record of an ordinance ever being in existence which levied a tax assessment; there was a "glaring fact that on two previous trials in this court on the same assessment no suggestion was made that the original ordinance had been lost"; and a new set of city officials attempted to create the "lost" ordinance nunc pro tunc under the guise of a correction.

Appellant next argues that the trial court erred in refusing to grant a summary judgment in her favor because the City of Greers Ferry did not properly certify its tax rate to the county clerk. The trial court did not err in refusing appellant's motion for summary judgment, but because there was a genuine issue

concerning a material fact, it was error to grant summary judgment for appellees on this point.

■ Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Leigh Winham, Inc.* v. *Reynolds Insurance Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983).

■ The record before the trial judge on the cross-motions for summary judgment contained an affidavit from the appellant stating that the city council never discussed certification of the tax rate in 1985, but it also contained an affidavit and exhibit filed by appellees saying the rate was certified in 1985. These two affidavits show that there was a genuine issue concerning the material fact of whether the tax rate was certified and therefore, summary judgment was not proper. Accordingly, we reverse and remand on this issue in order for the factual dispute to be resolved and a ruling made.

The appellant filed a motion asking us to strike the appellees' brief because of disqualification of counsel. The gist of the motion is that appellees' attorney of record, and the former circuit judge who heard this case and is now practicing law, violated the Rules of Professional Conduct. We decline to strike the brief. If appellant desires to pursue the matter, she should present it for original action to the Supreme Court Committee on Professional Conduct. We would then hear the appeal, if any, from the Committee's ruling.

Affirmed in part; reversed in part and remanded.