The Honorable Barbara Horn State Representative P.O. Box 64 Foreman, Arkansas 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion regarding a vacancy in an alderman's position in a city of the second class. Your specific question is:
 When a vacancy has been declared for alderman in a city of the second class and an election is held by the aldermen, can the mayor vote to break a tie vote?
It is my opinion that the answer to your question is "yes", if the candidates are presented for election in one of the required formats.[1]
This issue is governed primarily by A.C.A. § 14-44-107, which provides:
 (a) The mayor in cities of the second class shall be ex officio president of the city council, shall preside at its meetings, and shall have a vote when the mayor's vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
Under the above-cited statute, the mayor can clearly participate in city council votes where his vote is needed. However, the vote must be one regarding an ordinance, bylaw, resolution, order, or motion.
Assuming that the candidates for the vacancy to which you have referred in your question are presented by way of ordinance, bylaw, motion, resolution, order, or motion for their election, the mayor can, pursuant to the above-cited statute, cast the tie-breaking vote. It is likely that the candidates will be presented in one of these formats, these being the usual ways in which deliberative bodies take action.[2] However, even if the format in which the candidates are presented is unclear, whatever format is used (if not specified) could be interpreted, under the holding of O'Brien v. City of Greers Ferry, 293 Ark. 19, 732 S.W.2d 146 (1987), to be a resolution. In that case, the Arkansas Supreme Court held that a "resolution" need not be a written instrument or take any particular form, and can be any expresssion of ministerial action taken by a deliberative body. O'Brien, 293 Ark. at 22, citing Stewart v. Rust,221 Ark. 286, 252 S.W.2d 816 (1952). Given this broad definition of the term "resolution", unless the council specifies that it is acting in a format other than those listed in A.C.A. § 14-44-107, it is likely that their action would be considered to constitute a resolution, thus justifying the mayor's participation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] Of course, a "quorum" must be present. Although the statutes do not specifically address the question of how many city council members in a city of the second class are necessary to constitute a quorum, it is clear that votes to pass bylaws, ordinances, resolutions, and orders must be by "a majority of a whole number of members elected to the council." A.C.A. § 14-55-203. I have previously opined that in cities of the second class, the mayor may not be counted for purposes of determining that majority. Attorney General Op. No. 91-002. During the time period since I rendered that opinion, the Arkansas Supreme Court decided Gibson v. Cityof Trumann, 311 Ark. 561, 845 S.W.2d 515 (1993), in which it held that mayors of cities of the first class (which are governed by similar, but separate, laws) can be counted toward determining the quorum.
[2] The Arkansas Supreme Court held in O'Brien v. City of GreersFerry, 293 Ark. 19, 732 S.W.2d 146 (1987), that neither a motion nor a second is necessary for the presentation of a candidate to fill a vacancy in an alderman position.