The Honorable Bill Sample State Representative 2340 North Highway 7 Hot Springs, Arkansas 71909-9309
Dear Representative Sample:
I am writing in response to your request for my expedited opinion on the following five (5) questions related to previously issued Op. Att'y Gen. 2008-189:
 1. In answer to my question number 1 in opinion 2008-189, the final paragraph of your opinion found on page 4 indicates that "special election" refers to the majority vote of the Board of Directors. However, this is an obvious conflict of the definition of "special election," as found within the wording of A.C.A. § 14-47-109(d)(2), which states:
 "In all regular and special elections, each candidate for the office of director shall be elected by the electors of the city at large."
 How can this be reconciled with your opinion, or could it be that the opinion [is] incorrect?
 2. Act 2145 of 2005, Act 1049 of 2007, and Act 1480 of 2009 all specifically called for a special election, and the latter ones added details about the conduct of the special election and even added references to A.C.A. § 7-5-103(a), and 7-11-101 which spell out the process leading to the special election in great detail. The attorney general's opinion 2008-189 did not reference Act 2145 of 2005, Act 1049 of 2007, and Act 1480 of 2009 which was passed subsequent to the opinion. How can these acts and the "special election" *Page 2 
legislation they refer to that involves voters, the county election board, polling sites etc . . . be reconciled with opinion 2008-189 that indicated that the board members vote satisfies the special election requirement?
 3. A.C.A. 7-11-301(d) which is titled "Law governing special elections" states "In cases of circumstances or procedures that may arise in connection with any special election for which there is no provision in law governing the circumstances or procedures, the special election shall be governed by: . . . the general election laws of this state." How can this statute be reconciled with opinion 2008-189 that indicated that the board members vote satisfies the special election requirement?
 4. I find no Arkansas Statute defining a special election as an election limited to the majority of the City Board of Directors. Is there such a statute?
 5. If opinion 2008-189 is in fact correct and a director must be replaced by a vote of the majority of the members of the board must any of the requirements laid out in the acts and statutes referred to above be followed to elect a director? For example, must the candidate get a petition signed by 50 electors etc . . . In other words if this opinion is correct which special election requirements must be followed and what would the exact procedure including all of the steps required to seat a new director? If any of these steps were not followed and a director [was] appointed what would be that director's status?
RESPONSE
It appears that your questions regarding Op. 2008-189 stem from a misunderstanding of the analysis set forth by that opinion. I will attempt to clear up any confusion in this follow-up opinion.
In response to your first question, it is my opinion that Op. 2008-189 is correct in all respects. There is no conflict between the analysis set forth in that opinion and the statute that you have cited. As will be set forth in greater detail below, Opinion 2008-189 was not meant to suggest that a majority vote of a city board of *Page 3 
directors constitutes an actual special election, as that term is commonly understood. In fact, Op. 2008-189 states that the special election requirement for filling vacancies in the office of director was repealed in 1967 and that there is no longer any such requirement. Accordingly, there can be no conflict between the procedure set forth in the opinion and the description of a special election set forth in the statute that you cite. In response to your second question, as explained below, Op. 2008-189 takes into accountAct 2145 of 2005
andAct 1049 of 2007. In my opinion, there is nothing in either act that specifically calls for a special election under these circumstances. Moreover, because the Opinion was written prior to the commencement of the 2009 legislative session, it was obviously not possible for the language ofAct 1480 of 2009 to be taken into account. In response to your third question, it appears that this question may reflect a fundamental misunderstanding of Op. 2008-189. Again, there is no special election requirement for filling vacancies in the office of director. Your concern regarding A.C.A. § 7-11-301(d) is therefore unfounded. In response to your fourth question, there is no such statute. The lack of such a statute is irrelevant, however, because there is no special election requirement for filling vacancies in the office of director. In response to your fifth question, again, it is my opinion that Op. 2008-189 is correct. According to the express language of the statute directly on point, no special election is required to fill a vacancy in the office of director. For this reason, none of the requirements specifically applicable to special elections are applicable in the case of a vacancy in the office of director to be filled pursuant to A.C.A. § 14-47-113.
Question 1: In answer to my question number 1 in opinion 2008-189, thefinal paragraph of your opinion found on page 4 indicates that "specialelection" refers to the majority vote of the Board of Directors.However, this is an obvious conflict of the definition of "specialelection," as found within the wording of A.C.A. § 14-47-109(d)(2),which states:
"In all regular and special elections, each candidate for the officeof director shall be elected by the electors of the city at large."
How can this be reconciled with your opinion, or could it be that theopinion [is] incorrect?
First, it is my opinion that Op. 2008-189 is correct in all respects. As previously stated, I believe that your questions stem from a misunderstanding of the opinion in question. I will attempt to clear up this misunderstanding. *Page 4 
In sum, the special election requirement for filling vacancies in the office of director was repealed in 1967 and there is no longer any such requirement. Arkansas Code Annotated § 14-47-113 is entitled "Director Vacancy" and specifically sets out the procedure for filling a vacancy in the office of a director. The most up-to-date version of that statute simply states:
 Whenever a vacancy shall occur, by any reason, in the office of a director, the board of directors shall, by majority vote, elect a person to fill the vacancy and serve for the unexpired term thereof.
A.C.A. § 14-47-113 (Repl. 1998) (emphasis added).
The statutory language is clear in all respects and requires a vacancy in the office of a director to be filled by a majority vote of the boardin all circumstances. The plain language of the statute contains no special election requirement.
A previous version of this statute contained a special election requirement that was applicable in certain circumstances (if the vacancy occurred with more than six months to go until the next city election for the position in question). However, this special election requirement was expressly removed by the General Assembly in 1967 and is, therefore, no longer applicable.
It is true that another statute, A.C.A. § 14-47-110(a)(1)(B)(i), refers to a "special election" to fill a vacancy in the office of a director. Based on the legislative history, however, I believe it is clear that this provision must be read to refer to the procedure set forth by A.C.A. § 14-47-113. As explained in Op. 2008-189, when the language in A.C.A. § 14-47-110 referring to a special election was enacted, the cross reference to A.C.A. § 14-47-113 made sense because A.C.A. § 14-47-113 did call for a special election under certain circumstances at that time. However, as previously stated, the current version of A.C.A. § 14-47-113 does not call for a special election underany circumstances. This creates some confusion because the reference to a "special election" to fill a vacancy in the office of a director was not removed from A.C.A. § 14-47-110 when the special election requirement was removed from A.C.A. § 14-47-113.[1] Accordingly A.C.A. § 14-47-110 refers to a special election under A.C.A. § 14-47-113, when there is no such special election. *Page 5 
The Arkansas Supreme Court has stated that two statutes that appear to be in conflict should be read in harmony if possible. It is possible to read these two statutes in harmony if one recognizes that the reference to a special election to fill a vacancy in the office of director found in 14-47-110 is a "leftover" reference to a procedure that no longer exists. It is well-established that specific statutes regarding a particular subject trump other statutes that simply refer to the same subject. While A.C.A. § 14-47-110 refers to the procedure for filling a vacancy in the office of a director, A.C.A. § 14-47-113 is unquestionably the provision that actually sets forth the applicable procedure.
I would like to emphasize that Opinion 2008-189 was not meant to suggest that the procedure set forth by A.C.A. § 14-47-113 is actually a special election. Rather, that opinion holds that, in light of the current language of A.C.A. § 14-47-113 as well as the legislative history of both A.C.A. § 14-47-113 and A.C.A. § 14-47-110, the term "special election" as found in A.C.A. § 14-47-110 cannot be construed literally, but should instead be construed as a reference to the specific procedure set forth in A.C.A. § 14-47-113. Because the filling of a vacancy in the office of director does not actually require a special election, there can be no conflict between the procedure for filling the vacancy and the description of a special election set forth in A.C.A. § 14-47-109(d)(2).
Question 2: Act 2145 of 2005, Act 1049 of 2007, and Act 1480 of 2009all specifically called for a special election, and the latter onesadded details about the conduct of the special election and even addedreferences to A.C.A. § 7-5-103(a), and 7-11-101 which spell out theprocess leading to the special election in great detail. The attorneygeneral's opinion 2008-189 did not reference Act 2145 of 2005,Act 1049 of 2007, and Act 1480 of 2009 which was passed subsequent to theopinion. How can these acts and the "special election" legislation theyrefer to that involves voters, the county election board, polling sitesetc . . . be reconciled with opinion 2008-189 that indicated that theboard members vote satisfies the special election requirement?
Opinion 2008-189 does take into account the relevant portions ofAct 2145 of 2005 and Act 1049 of 2007. In legal writing, there will not ordinarily be a separate citation to an act that has already been and currently remains incorporated into the Code. You may note that the citation to A.C.A. § 14-47-110 found in the opinion indicates that the statutory language was taken from the 2007 Supplement. This means that it includes any language added by the 2007 and 2005 acts that you referenced. I have also reviewed the language of those acts standing alone. In my *Page 6 
opinion, there is nothing in either act that specifically calls for a special election under these circumstances. Again, the procedure to be followed in the event of a vacancy in the office of director is specifically set forth by A.C.A. § 14-47-113. The language of that controlling provision was not amended by either of the acts that you mention.[2]
Moreover, because the Opinion was written prior to the commencement of the 2009 session of the General Assembly, it was obviously not possible for the language of Act 1480 of 2009 to be taken into account. I will note that I have reviewed that act as well, and I do not believe that it alters the procedure for filling a vacancy in the office of director. The controlling provision of law, A.C.A. § 14-47-113, remains unchanged.
Question 3: A.C.A. 7-11-301(d) which is titled "Law governing specialelections" states "In cases of circumstances or procedures that mayarise in connection with any special election for which there is noprovision in law governing the circumstances or procedures, the specialelection shall be governed by: . . . the general election laws of thisstate." How can this statute be reconciled with opinion 2008-189 thatindicated that the board members vote satisfies the special electionrequirement?
This question may reflect a misunderstanding of the analysis set forth in Op. 2008-189. Again, that opinion was not meant to suggest that a majority vote of a city board of directors constitutes a special election. As stated in response to questions one and two, there is no special election requirement for filling a vacancy in the office of a director. Your concern regarding the possible application of A.C.A. § 7-11-301(d) is therefore unfounded.
Question 4: I find no Arkansas Statute defining a special election asan election limited to the majority of the City Board of Directors. Isthere such a statute?
No. There is no such statute. It should be recognized, however, that the lack of such a statute is irrelevant because there is no special election requirement for filling vacancies in the office of director.
Question 5: If opinion 2008-189 is in fact correct and a director mustbe replaced by a vote of the majority of the members of the board mustany of the *Page 7 requirements laid out in the acts and statutes referred to above befollowed to elect a director. For example, must the candidate get apetition signed by 50 electors etc . . . In other words if this opinionis correct which special election requirements must be followed and whatwould the exact procedure including all of the steps required to seat anew director? If any of these steps were not followed and a direct [was]appointed what would be that director's status?
Again, it is my opinion that Op. 2008-189 is correct. According to the express language of the statute directly on point, no special election is required to fill a vacancy in the office of director. For this reason, none of the requirements specifically applicable to special elections are applicable here.[3]
In my opinion, based on the language of A.C.A. § 14-47-113, the exact procedure for this vote would be the same as the procedure for any other board of directors vote to fill a vacancy. That procedure is addressed by A.C.A. § 14-42-103 which states that such a vacancy must be filled by a majority vote of the remaining members of the governing body, provided that the remaining members constitute a quorum of the whole number. That section also specifies that the appointee must be a qualified elector. In addition, A.C.A. § 14-42-105 states that all appointments of officers made by the governing body[4] should be made viva voce (orally). That section also requires the vote to be recorded and made public. In my opinion, state law does not require that any other steps be taken for a valid appointment to be made. See O'Brien v. City of Greers Ferry,293 Ark. 19, 732 S.W.2d 146 (1987) (indicating that where a vacancy is filled by a majority vote pursuant to the terms of a statute, the absence of additional formalities, not expressly mentioned by the statute, is without legal effect.)
If the position is filled without following the applicable procedures and the deviation is serious, the new director would nevertheless likely be considered a de facto officer. See Op. Att'y Gen. 2000-008
(addressing a situation in which a *Page 8 
vacancy on a city counsel was filled by less than a quorum of the governing body.) I will note in this regard that the acts of defacto officers are valid and enforceable. See, e.g. Bell v. State,334 Ark. 285, 973 S.W.2d 806 (1998); Appleby v. Belden Corp.,22 Ark. App. 243, 738 S.W.2d 807 (1987); Brown v. Anderson, 210 Ark. 970,198 S.W.2d 188 (1946).
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JLC/cyh
[1] Although the special election requirement was removed from § 14-47-113 in 1967, the portion of § 14-47-110 that refers to a "special election" has not been substantively amended since 1957.
[2] It appears that the Acts that you reference simply streamlined existing language and updated statutory cross-references, but did not make substantive changes.
[3] It is true that A.C.A. § 14-47-110 mentions a resolution of the board of directors and publication of a proclamation announcing an election. However, as previously stated, these provisions appear to be "leftovers" from a time prior to 1967 when such vacancies were often filled through special elections. I reach this conclusion because, although the statute has recently been updated with more streamlined language and current statutory references, it has not been substantively altered since the special election requirement was removed from A.C.A. § 14-47-113.
[4] Section 14-42-105 expressly refers to appointments made by "any council of a municipal corporation." I am construing this reference to include appointments made by city boards of directors because of the broad reference to "any council," as well as the statute's location in the chapter of the Code dealing with the governments of municipalities generally.

 *Page 1