The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to your request for an opinion on the following questions:
 1. Does A.C.A. § 14-58-301 require a city of the first class, if it elects to create a department of the city, e.g., a police department, public works department, parks and recreation department, etc., to pass an ordinance to create such a department?
 2. If the answer is "yes," and if a city of the first class is operating a department within the city without formally passing an ordinance creating the department, what are the legal ramifications to the city for not following A.C.A. § 14-58-301?
RESPONSE
It is difficult to answer these questions as posed because they are premised on the incorrect assumption that A.C.A. § 14-58-301 is a general statute applying to all types of city departments. This statute instead only applies to a department created for the purpose of assisting the mayor in carrying out the provisions of subchapter 3 of chapter 58 of Title 14, pertaining to purchasing and other matters involving the city's fiscal affairs. With regard to such a department, the answer to your first question is "yes." Section 14-58-301 requires the creation of such a department by ordinance. With regard to any other type of department, *Page 2 
consideration must be given to any statutory requirements governing that particular department's formation. As for your second question, assuming there is a state law requirement specifying that the department at issue must be created by ordinance, I nevertheless lack sufficient information to assess all of the possible ramifications of a failure to formally pass the requisite ordinance. I will note, however, that in my opinion a failure to strictly comply with all requirements governing formation will not necessarily invalidate the actions of the department's officers or employees. The so-called "de facto" doctrine may apply to give validity to those actions.
Question 1 — Does A.C.A. § 14-58-301 require a city ofthe first class, if it elects to create a department of thecity, e.g., a police department, public works department, parks andrecreation department, etc., to pass an ordinance to create such adepartment?
Section 14-58-301 provides as follows:
 (a) For the purpose of assisting the mayor of a first-class city in carrying out the provisions of this subchapter, the municipal governing body may appoint one (1) or more committees, to be composed from its membership, or, by ordinance, it may create one (1) or more departments, fixing the compensation and manner of employment for the employees thereof.
 (b) The persons appointed to fill any offices or to head any departments shall be responsible to the mayor and act under his direction.
A.C.A. § 14-58-301 (Repl. 1998) (emphasis added).
The referenced "subchapter" deals with various financial affairs of cities of the first class, including purchasing, payment of claims, and disposal of municipal property. See
A.C.A. §§ 14-58-303,-305,-306. Accordingly, as to a department created for one or more of these purposes, the answer to your first question is generally "yes." Section 14-58-301 requires the creation of such a department by ordinance. *Page 3 
With regard to any other type of department, consideration must be given to any statutory requirements governing that particular department's formation. If the statute is silent, it may well be that an ordinance is not required in order to create the department.Cf. Op. Att'y Gen. 2001-230 (concluding that a city is not required to pass its budget by ordinance after finding no state law requirement specifying that the adoption of a municipal budget must be by ordinance.) As my predecessor observed in the latter opinion, the Arkansas Supreme Court has stated that "[w]here the law conferring authority on the city council to act does not require same to be exercised by ordinance, it may be exercised by resolution." Id. at 3, quotingCoal District Power Co. v. Booneville,169 Ark. 1065, 1068, 278 S.W. 353 (1925). This general principle is also reflected in the following passage from Corpus JurisSecundum:
 The governing body of a municipal corporation ordinarily can act by ordinance or resolution. If the mode of the exercise of a power is not prescribed by the act or charter conferring the power or in some other statute, the power may be exercised by resolution as well as by ordinance or order. . . .
62 C.J.S. Municipal Corporations, § 158.
Question 2 — If the answer is "yes," and if a city of thefirst class is operating a department within the city withoutformally passing an ordinance creating the department, what are thelegal ramifications to the city for notfollowing A.C.A. § 14-58-301?
Again, this statute does not apply to the creation of the kinds of departments you referenced in your question. I cannot speculate regarding all of the possible ramifications of a failure to formally pass an ordinance for the creation of other departments. However, a failure to strictly comply with all requirements governing a city department's formation will not necessarily invalidate actions taken by the department's officers or employees. Concern over the validity of those actions may be alleviated by the "de facto doctrine."Cf. Landthrip v. City of Beebe,268 Ark. 45, 593 S.W.2d 458 (1980) (upholding the actions of a police court judge even though no city ordinance to create the court was adopted or published). In short, any effort to thwart a city department's function or mission based on a perceived technical flaw on the part of the city for want of an ordinance will almost certainly fail. *Page 4 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General